# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA M. MEYERS, <br><br>                    Plaintiff,<br>vs.<br><br>JANE D. HOLKIM, et al.,<br><br>                    Defendant. | CASE NO. 06CV1093-H (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM** |

On May 18, 2006, Plaintiff Anita Myers ("Plaintiff"), *pro se*, filed a complaint. (Doc. No. 1.) She filed a motion to proceed *in forma pauperis* ("IFP") on the same day. (Doc. No. 2.) On June 13, 2006, Plaintiff filed her first amended complaint against numerous Defendants for claims including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Pub. L. 91-452, 84 Stat. 941, federal civil rights violations, and violations of various bankruptcy statutes. (Doc. No. 3.) For the following reasons, the Court DENIES Plaintiff's motion to proceed IFP and DISMISSES the first amended complaint for failure to state a claim.

## Discussion

**1.    Motion to Proceed IFP**

Plaintiff moves to proceed IFP pursuant to 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize the commencement of a lawsuit without payment of the

1  filing fee if the plaintiff submits an affidavit stating his or her assets that demonstrates
2  an inability to pay the filing fee. 28 U.S.C. § 1915(a).

3      According to Plaintiff's application, she is not employed. She has $116.00 in a
4  checking account and a one-half interest in two Volvo sedans. Plaintiff does not list any
5  debts or dependents. Based on this information, the Court concludes that Plaintiff does
6  not meet the minimum requirements to proceed IFP. Accordingly, the Court DENIES
7  her motion. If Plaintiff wishes to proceed, she must pay the requisite filing fee pursuant
8  to Local Civil Rule 4.5 on or before October 23, 2006.

9  **2.  Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2).**

10      Notwithstanding payment of any filing fee or portion thereof, a complaint filed
11  by any person proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)
12  is subject to a mandatory and sua sponte review. 28 U.S.C. § 1915(e)(2). Dismissal by
13  the Court is appropriate to the extent that the complaint is "frivolous, or malicious; fails
14  to state a claim upon which relief may be granted; or seeks monetary relief against a
15  defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254
16  F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not
17  limited to prisoners.").

18      "[W]hen determining whether a complaint states a claim, a court must accept as
19  true all allegations of material fact and must construe those facts in the light most
20  favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); Barren
21  v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that 1915(e)(2) "parallels
22  the language of Federal Rule of Civil Procedure 12(b)(6)"). Under Fed. R. Civ. P.
23  12(b)(6), a complaint should not be dismissed for failure to state a claim unless it
24  appears beyond a doubt that the plaintiff could prove no set of facts in support of his or
25  her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bautista v. Los
26  Angeles County, 216 F.3d 837, 842 (9th Cir. 2000). Conclusory allegations of law,
27  however, are insufficient to defeat a motion to dismiss. Epstein v. Washington Energy
28  Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Courts grant 12(b)(6) relief only where a

plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff presents numerous causes of action, including RICO violations, violations of bankruptcy statutes, and civil rights violations. Apparently, Plaintiff's allegations stem from her alleged arrest by officers in the Murrieta Police Department on April 26, 2006, after they approached her in her car on Broken Arrow Way in Murrieta, California. Plaintiff claims that the officers arrested her without a "summons, complaint and signed warrant" and failed to administer her rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Plaintiff claims that the officers of the Murrieta Police Department are terrorists who are waging a "mixed war" against her. She contends that they have committed treason against the United States. She further claims that the officers are guilty of conspiracy to raise revenue by fraud and extortion in violation of unspecified provisions of RICO. Finally, Plaintiff alleges the officers violated the Uniform Commercial Code.

Plaintiffs first amended complaint contains summary allegations and lacks sufficient facts to support a cognizable legal theory. <u>Balistreri</u>, 901 F.2d at 699. Therefore, the Court concludes that all causes of action in the complaint fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the Court DISMISSES the first amended complaint without prejudice for failure to state a claim and GRANTS Plaintiff until October 23, 2006, to file an amended complaint correcting the deficiencies in the first amended complaint.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

**Conclusion**

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to proceed in forma pauperis and **DISMISSES** Plaintiff's first amended complaint without prejudice for failure to state a claim. The Court **GRANTS** Plaintiff until **October 23, 2006**, to file an amended complaint that addresses the deficiencies in the pleadings set forth above and the requisite filing fee.

IT IS SO ORDERED.

DATED: September 21, 2006

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

**COPIES TO:**
Anita M. Myers
7107 Broadway Ave. #101
Lemon Grove, CA 91945